|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 10 | | |
| 11 | JOSE MAURICIO GUZMAN-GUZMAN, | Case No.: 26-cv-0221-GPC-JLB |
| 12 | | |
| 13 | Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS.** |
| 14 | v. | |
| 15 | JEREMY CASEY, Facility Administrator, Imperial Regional Detention Center; DANIEL A. BRIGHTMAN, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD M. LYONS, Acting Director of Immigration Customs Enforcement ("ICE"); U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, | **[ECF No. 1]** |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | Respondents. | |
| 27 | | |
| 28 | | |

Before the Court is Petitioner Jose Mauricio Guzman-Guzman's petition for a writ of habeas corpus. ECF No. 1. For the reasons outlined below, the petition is GRANTED and Respondents are ORDERED to release Petitioner from custody IMMEDIATELY.

## BACKGROUND

On January 14, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Court ordered issued a scheduling order requiring Respondent to respond in opposition to the petition by January 20, 2026. ECF No. 2. Respondents did not file an opposition by this deadline but filed an untimely response on January 22, 2026. ECF No. 5.

Petitioner is a forty-two-year-old El Salvadorian citizen currently detained at Imperial Regional Detention Center in El Centro, California. ECF No. 1, ¶ 1. He has been in the United States since 2004. *Id.* His wife, children, and stepchildren are all United States Citizens. *Id.*

Petitioner was detained by Respondents upon entering the United States in 2004. *Id.* At that time, Petitioner was released on his own recognizance and Respondents initiated full removal proceedings against Petitioner. *Id.* ¶¶ 2-3.

Petitioner was again detained by Respondents in April 2018. *Id.* ¶ 6. However, after nearly one month in detention, Petitioner was released on $7,500 bond. *Id.* ¶ 8. In 2020, Petitioner filed an application for cancellation of his removal proceedings and adjustment of status. *Id.* ¶ 10. His application remains pending.

On November 15, 2025, Petitioner was arrested and detained by ICE while on his way to work. *Id.* ¶ 39. Petitioner was given no explanation, and there has been no material change in his individual circumstances or conditions of his bond. *Id.* ¶¶ 11, 40.

Petitioner now files this writ of habeas corpus alleging that his detention violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 42-58.

## LEGAL STANDARD

### I. Section 2241 Habeas Corpus

Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Rasul v. Bush*, 542 U.S. 466, 473 (2004). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023) (habeas actions limited to challenges of the legality or duration of confinement). A petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

## ANALYSIS

Petitioner argues that his re-detention without cause violates the Due Process Clause of the Fifth Amendment. The Court agrees.

Under the Due Process Clause of the Fifth Amendment, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Due process rights apply to noncitizens, including those whose presence in the United States is unlawful. *Id.* at 693.

As applied to cases like Petitioner's: "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). *See also Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025); *Padilla v. U.S.*

*Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). In fact, the government's initial release of an individual from custody "creates an 'implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). An initial release from ICE custody further reflects "a determination by the government that [an individual is] neither a flight risk nor a danger to the community." *Pinchi*, 792 F. Supp. 3d at 1034; *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, *7 (N.D. Cal. Sept. 12, 2025). Thus, DHS may generally not re-arrest a previously released noncitizen "absent a change in circumstances." *Salcedo Aceros* 2025 WL 2637503, at *1 (citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

Here, because Petitioner was detained and then released from DHS custody on bond, he maintained a protected liberty interest in remaining out of custody. The Court must next determine "what process is due." *Morrissey*, 408 U.S. at 481.

"The constitution typically 'requires some kind of a hearing *before* the State deprives a person or liberty or property.'" *G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274 (W.D. Wash. Oct. 8, 2025), *report and recommendation adopted sub nom. G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035 (W.D. Wash. Oct. 28, 2025) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). To determine what procedures are required by due process, the Court evaluates the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). *See Ortiz Donnis*, 2025 WL 2879514, at *12. Under *Mathews*, a court must consider (1) "the private interest" at stake, (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards," and (3) the "Government's interest,

including the function involved and the fiscal and administrative burdens imposed by the additional procedures." 424 U.S. at 335.

As to the first *Mathews* factor, Petitioner has a significant private interest in his continued liberty. Thus, this factor favors Petitioner. *See Salcedo* 2025 WL 2637503, *12; *Ortiz Donis*, 2025 WL 2879514, at *12; *Pinchi*, 792 F. Supp. 3d at 1034-35.

Turning to the second *Mathews* factor, "it is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide [him] with a pre-detention hearing." *Pinchi*, 792 F. Supp. 3d at 1035. Where, as here, petitioner has not received any bond or custody hearing upon his re-detention, "'the risk for erroneous deprivation [of liberty] is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Id.* (quoting *Singh v. Andrews*, No. 1:25-CV-00801, 2025 WL 1918679 (E.D. Cal. July 11, 2025)). Further, courts have noted that "civil immigration detention must be 'nonpunitive in purpose' and bear a 'reasonable relation' to the authorized statutory purposes of preventing flight and danger to the community." *G.S. v. Bostock*, 2025 WL 3014274, at *8. By releasing Petitioner on bond in 2018, immigration officers determined that he was neither a flight risk nor a danger to his community. *See id.*; *Ortiz Donis*, 2025 WL 2879514, at *1; *Pinchi*, 792 F. Supp. 3d at 1034. Respondents have not alleged that there has been a change in circumstance since Petitioner's 2018 release. Indeed, they have not responded at all. Thus, the risk of erroneous deprivation is particularly high in Petitioner's case, as there is no evidence of changed circumstances or that Petitioner is a danger or flight risk. Accordingly, this factor also favors Petitioner.

Finally, the Government "has failed to show any countervailing interest against providing a pre-detention hearing." *G.S. v. Bostock*, 2025 WL 3014274, at *9; *Salcedo Aceros*, 2025 WL 2637503, at *12. Indeed, "in immigration court, custody hearings are routine and impose a minimal cost." *Singh*, 2025 WL 1918679, at *8 (internal quotation marks and citation omitted). There is also no concern that a hearing will delay or obstruct

Respondents efforts to remove Petitioner, as Petitioner has already been placed in full removal proceedings. *See* ECF No. 1, ¶ 3, *G.S. v. Bostock*, 2025 WL 3014274, at *9; *Salcedo Aceros*, 2025 WL 2637503, at *12. In sum, the Government's interest in detaining Petitioner without a hearing is low. *Singh*, 2025 WL 1918679, at *8.

Each of the *Mathews* factors favors Petitioner. Thus, Petitioner was entitled to a pre-deprivation bond hearing. The Government detained Petitioner, without explanation and without notice, despite its own prior determination that Petitioner was not a flight risk and posed no danger to the community. "Under these circumstances, given the government's conduct, the substantial liberty interests held by [Petitioner], and the fact that the government has no evidence and does not contend that [Petitioner] presents [a] risk or flight or to public safety, a pre-deprivation bond hearing is warranted." *Salcedo* 2025 WL 2637503, *12. At such a hearing, the government must demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *Pinchi*, 792 F. Supp. 3d at 1038; *see also Ortiz Donis*, 2025 WL 2879514, at *15. Put simply: "since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Ortiz Donis*, 2025 WL 2879514, at *15.[1]

Immediate release is the appropriate remedy in this case. Respondents, in their untimely response to the petition, acknowledge that Petitioner is detained subject to 8 U.S.C. § 1226 rather than § 1225, and concede that Petitioner is entitled to an order from this Court requiring a bond hearing. ECF No. 5, at 2. However, for the reasons discussed above, a bond hearing is insufficient to cure the due process violations faced by Petitioner. Respondents have failed to address Petitioner's due process arguments or acknowledge

---

[1] Having reached this conclusion on Petitioner's first claim for relief, the Court declines to decide the merits of Petitioner's APA claims.

that Petitioner has been re-detained without cause after being released on bond. Accordingly, the Court is not persuaded by Respondents' arguments and instead orders Petitioner's release.

## CONCLUSION

Based on the reasoning above, the Court **ORDERS**:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

2. Because the government has no evidence that Petitioner poses a flight risk or danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody. DHS **SHALL NOT** impose any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing.

3. Respondents **SHALL NOT** re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.[2]

**IT IS SO ORDERED.**

Dated: January 22, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1, at 13. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.